The first case is Global Leadership Foundation v. City of New York So Ms. Grayson, you have ten minutes, but you reserved three for rebuttal So that gives you seven minutes out of the gate Give us just one second to get settled Alright, you may proceed, thank you Thank you, Your Honor Violet Elizabeth Grayson on behalf of Global Leadership Foundation The most important question in this case, probably both from the standpoint of the development of the law and also from the outcome for my client is whether the TIA applies in every case regardless of the particulars of the case if there is a procedure for challenging a state court tax determination So we have the language of the statute which calls for a remedy which is plain and speedy and efficient and the statute provides that only if the state provides a plain, speedy and efficient remedy does the TIA bar federal litigation of the local tax issue You haven't said that that language that you just quoted applies to state court proceedings of the kind that you would face I think that would be very general, some cases it applies, some cases it doesn't The real issue is how this court is going to construe the speedy and efficient language of the TIA Well, I mean we've construed those terms before and we've construed it pretty broadly I mean one could quibble whether we've construed it too broadly but we've previously found that a ten year process was not unspeedy Okay, what the court is saying, and this is very helpful from my standpoint We're now talking about the ten years spent on LILCO LILCO's challenge to the taxes with respect to the nuclear power plant and what's interesting about that is that the Second Circuit looked at whether ten years was appropriate and they expressed they had some concern about whether the ten years was too long but they nevertheless concluded that because both sides had engaged in quite a bit of strategic maneuvering then because of the strategic maneuvering and presumably because of the character of the case the $450 million in 1989 dollars I get it's a different case, but let's focus on this case So here's the point about LILCO though In LILCO, the court looked at the actual length of time it took to decide the matter and concluded that in that case, the ten years, while concerning was okay because the sides had engaged in procedural maneuvering So the takeaway from LILCO is that you look at what happened in the individual case and decide whether the amount of time consumed What is there about this case that renders this something other than just speedy, efficient? Excuse me, your honor? What is there about this case that takes it out of the language that we've been talking about? Nothing takes it out of the language that we've been talking about So if nothing takes it out then there's an adequate remedy under state law No, I'm saying we're going to apply the language of the statute The language of the statute is very short and of course it needs to be applied That's what the statute says So the question is, the real question is that the respondents, the appellees are urging that you don't look at the facts of the case and decide whether or not it took too long You simply decide that because it's a procedure, it doesn't matter how long it took So you think we should look at the facts of the case? Exactly So my question is, what is there about the facts of this case that takes it out of the language? Well it doesn't take it out of the language, but it's how do we apply the language What makes it not speedy? What makes it not speedy is that it's been about eight years now All of this began in 2014 The article 78 petition is filed in September of 2018, right? Yes, but that was So is that really the clock, that's the starting gun I would not say that's the starting gun I'd say the starting gun is in 2016 when the city revokes the tax exemption and starts charging back taxes We're focused on whether the state has a proceeding, which is the article 78 proceeding Whether that is plain, speedy, and efficient Well it's not just the article 78 proceeding because given the way it works with the taxes First you're in the finance department, then you're before the tax commission If that fails, you go into the New York state courts and you seek an order in the article 78 proceeding overriding the decisions of the other units of government And so really, this begins when the tax exemption is revoked and then you go to the finance department Then it all begins with the administrative remedies, which are followed by the state court proceedings So it's your position that once these procedures that you just mentioned are in play Once they start, then what's the cutoff point? I don't think Any litigants who think, well, I've had to contest these taxes for one year, two years can abandon their state court proceedings and come to us? I don't know if they can abandon the state court proceedings, but they can come to you And look at Roswell Roswell is the United States Supreme Court opinion directly on point It's the most important authority There, the whole proceeding took two years And the United States Supreme Court looked at all kinds of litigation and how long cases usually took and decided that two years was relatively normal and that, therefore, it hadn't taken too long And Justice Blackmun in his concurrence said, well, it's barely short enough, barely quick enough This is much, much longer And when you look at a situation where the tax proceedings in Chicago There were local property taxes, this one is Were barely quick enough in two years And this has gone on so much longer It's not quick enough So how could a litigant know once this process has started When, well, you know, it's time to move out of 60 Center Street and move over to here? How would anyone know that? You wouldn't know, absolutely Roswell says there's no hard and fast rule You need to look at the pace of litigation generally And what's, you know, what's reasonable I don't think anyone would come over from Center Street after two years But how much beyond that you need to go Is something that the Supreme Court left open in Roswell And left it clear that it depends on the nature of litigation It depends how fast litigation generally moves But then that would mean that all these cases are sui generis, right? I think all of these cases are sui generis And I think if you read Roswell with care You come to the conclusion that each one is different And the same thing is true of the First Circuit's opinion in the Walmart case A few years earlier they said, well, Puerto Rico has a procedure, that's good But when they looked at this one, where it was going to take 32 years For the plaintiff to be made whole They said, well, that's too much So I think each case is sui generis But many cases, almost every case in litigation Every case has its own facts And many things in litigation Sure, statute of limitations runs on a certain day But many things are a matter of degree in litigation And the important thing, and the reason this must be sent back to the district court Is because the district court opined That because New York State has a procedure on the book It wouldn't matter if this took any length of time, 100 years That once this procedure is on the books How long this takes, whether the treatment is discriminatory Nothing matters And I think the real reason to send it back is because How do I determine when to go to federal court? You retain counsel, and then you talk to counsel About how long the cases normally take, what's reasonable What does that mean, how long a case normally takes? Every case is different, you just said Yeah, I did And certainly for the Lilko case, with something that complex, 10 years Well, it was enough to give the Second Circuit concern They said it was okay, given how the counsel had behaved So I think there is a degree of subjectivity And looking at how long things normally take And to some degree, the district court needs to look At the facts of the case, at its complexity At the conduct of counsel And consider whether the administrative agencies And the state courts took too long The trouble here is that the district court didn't do that First, the district court did that They took into account certain purported facts Added to the record by the respondent And then, that wasn't supposed to happen It was supposed to work based on the complaint And when we said, well, you shouldn't assume facts That are contrary to reality Contrary to what our state court litigator said Then, the district court said, well, actually I'm not depending on the facts I'm just concluding that because there is a procedure It doesn't matter how long it took But in this case, the complaint here was filed I guess the operative complaint is May of 2022 By September 2022 is when you got a decision In the Article 78, right? Yeah, we filed this relatively soon Before the Article 78 concluded And now it's on appeal And this had been ongoing The litigation had been ongoing since Well, I say litigation, but the administrative proceedings Had been ongoing since 2016 So, that's quite What's in the record to suggest how long a tax proceeding should work? How long a federal tax dispute takes?  How long the average one takes But I think this one took, for example Two and a half years before the tax commission That's really extraordinary I mean, that part all by itself is just too much All right, well, you're over But you've reserved three minutes for rebuttal And in my rebuttal, or I can just do it now I'd like to address the difference between The comedy doctrine and the TIA That's very important Shall I do it now? If you want to I will, because then it won't be rebuttal Very briefly I'll do one minute of that And then I'll reserve two minutes for rebuttal So, the important thing to remember Is that the comedy doctrine is different from the TIA In that it is not jurisdictional And it applies only to claims for monetary relief Whereas the TIA applies to claims for injunctive relief And that per the Levin case It's appropriate for the comedy doctrine to be exercised Where it's a commercial matter This isn't commercial The plaintiff is a charitable organization And the complaint is First Amendment retaliation And I respectfully submit that under the Dorsey case The application of the comedy doctrine To this matter, which is Constitutional First Amendment matter With no commercial features Is inappropriate Thank you I'll reserve the rest for rebuttal Thank you, Madam Thank you We'll now hear from Mr. Burkett Am I saying that right? Yeah, that's right Burkett You may proceed Okay, good morning, Your Honors Eden Burkett for the City of New York And the Appellees This case presents a straightforward textbook example Of the application of the Tax Injunction Act And the comedy doctrine GLF here is seeking to exempt itself from state taxes And to obtain monetary damages In the amount of what it believes to be The amount of overtaxation Or the penalties or interest that have accrued These are precisely the claims that Federal courts have never exercised jurisdiction Over the very substance of the entitlement to state tax claims And the lower court, Judge Coates Issued a very concise summary Of both the Tax Injunction Act And the comedy doctrine And noted how exactly that this claim Is not appropriate for federal jurisdiction Now Well, I mean, I guess both of them turn at least in part On whether or not there is a speedy remedy Or a speedy process in the state Correct And I'll just sort of briefly respond to the last point That Counselor made Which is that they are substantially different They're not They're very similar In fact, this court has And the Supreme Court has said many times That the plain, speedy, and efficient remedy That there's no significant difference Between the plain, speedy, and efficient remedy And the plain, adequate, and complete remedy Under the comedy Well, I'm not sure Counselor was suggesting That the speedy component of the two is different I mean, but comedy is discretionary, right? It is The TIA is not Correct So under the TIA The question turns on whether there's a Seeking an injunctive or declaratory relief In consequence of an assessment, levy, or collection And here that would apply Because GLF is seeking to Is challenging the assessment and the collection of taxes No, I get that But I mean, I guess the question for you is Even if there is a speedy, efficient, and plain remedy In state court The comedy doctrine with respect to a damages claim Would allow, in some circumstances The federal court to exercise jurisdiction Even if the thing is lickety-split, speedy, right? Well, both doctrines The comedy doctrine existed prior to the TIA Again, I'm not talking about the TIA I'm talking about I'm just asking a simple question Does the comedy doctrine allow for a court to Exercise jurisdiction Even if there is a speedy remedy in the state Where the factors laid out in Dorsey are present Well, there's a multivariable analysis So the question under both comedy and TIA Is whether the litigant is a third part Well, under comedy The Hibbs case in the Supreme Court Outlined some of the factors And the Levin case reiterated some of them The question is that Whether is the litigant a true third party Or are they seeking to reduce their own tax liabilities And that's present I understand your argument Is that the Dorsey factors don't support An exercise of jurisdiction here But the speedy analysis doesn't resolve that disposably, right? Well, I guess if I can sort of address the speediness The counsel pointed to the Lilko case That case, when you look at it I think the question is Is the speediness part dispositive of a comedy claim? Could you ever have a comedy claim Even where there is a speedy process I think is the question Put to you twice now that you haven't answered I suppose there could be an instance Where, given the other factors in comedy If they were a true third party And that the remedies in federal and state court were the same In the Hibbs case, it was that An injunction could be granted in either state or federal court But if there's a question of leveling up, leveling down If it's the own liabilities at stake All of these factors come into play But if I could just sort of touch on the speedy Without turning to the TRA What is the speedy remedy that's available? In New York State? Yeah Well, I guess it would depend on the nature of the claim at issue This court and the Supreme Court and TOLI Have addressed various different remedies So for purposes of when GLF is raising claims To the assessment of their taxes, the level of assessment Nowhere in the record is present that they commenced Article 7 proceeding under real property tax law That's the exclusive means of challenging assessments As far as in Article 78, which is what they did commence That can be used for mandamus, prohibition, certiorari Essentially, it's a broad vehicle that can be used To make any and all constitutional claims There are also declaratory judgment actions There are state court Section 1983 claims So there's a whole variety of mechanisms under state court That allow the litigant What the Supreme Court has said are the Minimal procedural criteria Which is that the proceedings only need to provide A full hearing and a judicial determination At which the taxpayer can raise any and all Constitutional objections Do you think that's dispositive of the speedy component? I think maybe there are circumstances Where it wouldn't be, but I think in the main The availability of the procedure itself Is generally, it satisfies the test Why does that satisfy the speedy component of the test? Well, the question of speediness Is about, again, the minimal procedural criteria It's not about the, even in Rosewell Justice Brennan said that it's a relative concept While the petitioner may think that it's too long There isn't, you know, given the Nature of tax administration and review Even at the time of the passage of the TIA Or even before that, Justice Brennan noted that There doesn't seem to have ever been devised A tax administration review system that would Be universally recognized as speedy There's always going to be a litigant that says That it wasn't speedy enough GLF cannot point to a single case That endorses this view that it's a sui generis Case by case analysis, it's not I'm just trying to figure out, so what is the remedy Or the procedure for somebody like the plaintiffs here Who are saying they were wrongly discriminated against Through the tax code for impermissible constitutional reasons So there needs to be a plain, speedy and efficient process What is the process that they should follow? When does it start and where does it end? Well, I don't want to necessarily guide them In the sense of what they should do or how they should proceed But I think that as I noted just a few minutes ago There are various, whether the article 78 Notably in this article 78 proceeding Did not raise any constitutional claims As to this conspiracy that they seem to have alleged But don't you have to have a judicial determination To take to an article 78? Correct So the fact that there's an article 78 proceeding available Doesn't really speak to speediness Because inevitably some considerable time passes Across the street there before you can get to an article 78 proceeding You're talking about the administrative process that precedes the article 78 Well, there are mechanisms under article 78 Where there could be a mandamus to compel So there are mechanisms under state law If a proceeding, either administrative or judicial proceeding Is somehow inordinately delayed Which in this case, it bears repeating That this occurred during the pandemic The state court system, like the federal court system Certainly had certain delays But I think it's also significant to note that GLF amended their petition in 2020 In the article 78 So I understand article 78 But I guess I'm trying to figure out What is the plain and efficient process Before the article 78 Because something has to happen before that, right? I'm not aware of a case that's addressed It's sort of dug into this idea of the administrative process I just don't think that Again, I think that the question is not about whether The city or the state needs to defend and justify I think it's more in the matter of I just think you need to articulate All you seem to be saying is that there's stuff they can do I'm asking you to just sort of give me What is the path of a person who is asserting An unconstitutional application of tax code violations? Well, they could either raise a claim In an article 7 proceeding Or in an article 78 proceeding A declaratory judgment A state court 1983 claim Along with the tax commission Is there something that In fact, they did go They appealed the department of finance decision to the tax They did It was a thorough process of review They were offered Afforded an opportunity for an informal hearing They had every opportunity to argue for their entitlement To this exemption, which I want to correct One thing that has been sort of repeated throughout GLF's argument, which is that it was a revocation Which it wasn't It was an expiration of a temporary exemption And under state law The applicant for the full actual use exemption Bears the burden And every inference is construed against the applicant And in favor of the governmental body And the tax commission Did nonetheless did a thorough review of What the GLF was using the property for And concluded that they failed to meet the burden And the New York Supreme Court Justice in I think it was August of last year Upheld that and it's currently on appeal To the appellate division first department And that's the way this should play out It shouldn't You know, the federal judiciary shouldn't be embroiled In whether and how and when There should be exemptions to state taxes That's never been the proper role of the judiciary In fact, the entire purpose of the tax injunction act And the comedy doctrine is to Limit drastically federal jurisdiction So it's not about You know, sort of whether or not the Any individual, you know, district court should be Searching the record and hearing all of the arguments As you know, why was the case delayed? Who did what? Was it because the case is too complex? Or is it because the court system Is delayed in some way? Or is it something else? Even in the Lilko case, which noted the 10-year It said they had some concern Over the 10-year period of time But it said that this was less from the Inadequacy of the proceeding Of the state court remedies Than a combination of the problems of state court administration And the conduct of the parties And the question doesn't turn on whether or not The litigant subjectively believes They were not afforded a speedy enough Again, Justice Brennan in the Roseville case He said that it didn't have to be the speediest Remedy, and there isn't a single case That GLF has pointed to where A litigant who wants to litigate their own tax liabilities Has been afforded the opportunity to litigate In federal court simply because a case took too long. Thank you very much. We'll hear now from Ms. Grayson Yes, returning to the comedy doctrine What we haven't heard, the comedy doctrine Discretion is exercised in light Of the constitutional issues in play And when it's not a commercial matter When it's a constitutional matter, everything changes. Well, that's one factor. You seem to be suggesting that if somebody asserts A constitutional issue That that then trumps the standard Of the comedy doctrine Which is that we typically defer to The state process as long as it's speedy and adequate. Well, if you look at Dorsey, the constitutional issue is important And I think the reason that the plaintiffs were allowed to go forward In Dorsey is because there were really serious Constitutional violations. The district court acknowledged that the plaintiff was raising Constitutional issues and that factor weighed in favor of Exercising jurisdiction, but what about the other two factors? In this case, I would say that the constitutional factor Trumps it because It doesn't matter what happens with respect to the other two factors? Given the particulars here, I would say that The weight to be given to the constitutional argument Is overwhelming. The situation here The allegation is that my clients Vigorously exercised Their first amendment rights. We understand that, but is it correct that your clients didn't assert that In the article 78 proceeding? No, they asserted that in federal court. But you can articulate constitutional violations In article 78. You could, but that's not What was litigated there. But that's where you started, right? Before you came into federal court You were in article 78 already, right? The retaliation issue has been brought exclusively here In federal court and it's an appropriate form I mean, it's quite easy For a local government to retaliate I understand that. I'm asking a simple question. You could have raised these same arguments in an article 78 proceeding, yes or no? I'll say I don't know. I don't know enough about What was at stake there, what had been administratively exhausted So I was not Counsel of record there and I don't know the answer to the court's question I'm sorry, but I don't. And nevertheless, I think the really important Thing to look at is it's not that Unusual, really, for a local Government to retaliate against the property owner Who has criticized public officers of the local Government. That happened in Abel v. Morabito And Judge Gardeff allowed the case to go forward And the public policy Interest of the federal government and the federal judiciary In preventing local governments From punishing property owners Who criticize local officials in the press Is extraordinary. And in this case The respondent does not claim That the complaint failed to adequately allege First Amendment retaliation Clearly it does allege First Amendment retaliation At length and in detail. Time is up, but I do Look for your guidance on this one question Under the regime, which I think you're urging on us Someone is litigating across the street Things don't go well There The kinds of things That typically happen In state court litigation And then under If I understand you correctly The litigant can walk across the street here And Deal with the Statutory requirements of the TIA By saying, well, things just took too long Across the street. Then every federal court Who gets one of these cases is going to have to decide What's too long What's not fast enough And that's Would be a daunting issue To add to the Responsibilities of district judges Wouldn't it? Let's take a completely different, fresh look at this Let's remember that we're not asking To relitigate our tax liability You're coming here and saying It wasn't fast enough Look at it in a completely different Who gets one of these cases Would have to decide what's fast enough Let's look at it from another standpoint From this standpoint I think that under the Comedy doctrine Let's just deal with TIA Okay, TIA This court would have to look at whether it was fast enough I agree. But the comedy doctrine is completely different And the comedy doctrine Normally somebody has a strong case That they've been the subject of retaliation For first amendment activities Normally they just get to bring a section 1983 action And they can get whatever damages they should be getting They can get attorney's fees And the local government is deterred from retaliating Against those who express themselves in the press Comedy doctrine is discretionary So we would review it for abuse of discretion No sentient saying judge Would have reached that In this case there was abuse of discretion In failing to take seriously the very strong evidence That my clients were the subject of retaliation For their first amendment protected activities If anything is important to the federal courts And to citizens of this country It's the first amendment But why do you say the district court didn't take it seriously The district court acknowledged the point you're making But just said the other factors under Dorsey Weighed heavily against exercising jurisdiction I think the weighing was improper It was an abuse of discretion and this court should overturn it Thank you both